657 P.2d 425

Dennis R. GONZALES, Third Party
Plaintiff/Appellee,

and

Century 21-Frontier Realty, an Arizona
corporation, Plaintiff/Appellee,

v.

Hong Van GONZALES, Third Party
Defendant/Appellant.

No. 2 CA–CIV. 4204.

Court of Appeals of Arizona,
Division 2.

Sept. 29, 1982.

Gaila Davis, Tucson, for third party defendant/appellant.

## OPINION

BIRDSALL, Judge.

This is an appeal from a judgment taken on a third-party complaint alleging that the appellant was liable to her ex-husband, appellee Dennis Gonzales, for the amount of his liability to Century 21-Frontier Realty for a real estate broker's commission.[1] The appellant contends that the evidence was insufficient to establish her liability. Dennis Gonzales has not filed an answering brief. Although we may regard this failure to respond as a confession of reversible error, we are not required to do so. *Bugh v. Bugh,* 125 Ariz. 190, 608 P.2d 329 (App.1980). Since all of the evidence before the trial court is contained in the record, we will consider the case on its merits.

We must view the facts in the light most favorable to sustaining the judgment. *See e.g., Gann v. Morris,* 122 Ariz. 517, 596 P.2d 43 (App.1979). Following their 1976 divorce, the appellant and the appellee owned a house in Tucson as tenants in common. In a property settlement agreement executed in anticipation of the dissolution, and incorporated in the dissolution decree, *See*

1. No appeal has been taken from the underlying judgment in favor of Century 21 against Dennis Gonzales, who is therefore the sole appellee here and will be referred to as "the appellee."

A.R.S. § 25–317, the parties agreed that the house would be "listed for sale at an amount to be agreed upon between the parties." Proceeds of the sale were to be divided after payment of community debts. The appellee was given permission to occupy the house until it was sold. The appellant moved to California shortly after the dissolution.

Several months later, the appellee executed a listing agreement with Century 21. On deposition, the appellee asserted that the "asking price" contained in that agreement, $53,400, had been approved by the appellant or by her attorney. The house remained unsold for several months. In October of 1977, Century 21 located potential buyers who eventually offered $49,900 for the house. Without seeking the appellant's approval, the appellee accepted the offer. The sale was aborted, however, when the appellant refused to execute the sale contract.

Century 21 brought suit to recover the commission allegedly due under the listing agreement. After arbitration resulting in an award in favor of Century 21, the appellee sought de novo review in the superior court, See Rule 7, Uniform Rules of Procedure for Arbitration, 17A A.R.S., and impleaded the appellant pursuant to Rule 14, Arizona Rules of Civil Procedure, 16 A.R.S. The basic allegations of his third-party complaint were:

1) that the separation agreement had authorized him to sell the house,

2) that pursuant to that authorization he had listed the house for sale and accepted a reasonable offer, and

3) that the appellant's wrongful refusal to cooperate in the sale had caused the sale to fail and given rise to his liability, if any, to Century 21.

In his deposition, the appellee asserted that his authority to sell the house was additionally derived from "a verbal [(we assume he meant "oral")] agreement" with the appellant, apparently reached after the dissolution.

The case was submitted to the trial court on depositions, memoranda and exhibits.

Since findings of fact and conclusions of law were neither requested nor made, the court's reasoning in holding the appellant liable is not certain. We agree with the appellant, however, that the only claim arguably raised by these facts was for indemnification of an agent by his principal.

The appellant asserts that the evidence was not sufficient to establish any agency relationship between the parties. It is not necessary to address this claim directly because it is clear that the act giving rise to liability in this case was outside the scope of any agency relationship that might have existed.

Despite the allegation of the appellee's third-party complaint, that the act that made him liable to Century 21 was his accepting the $49,900 offer, not the appellant's refusal to cooperate in the sale, he would have been liable for the commission even if the sale had been completed. The key question then is whether there was evidence that the appellee was authorized to accept that offer.

The appellee's deposition testimony, which was very equivocal, could at best be construed to indicate that he was authorized to sell the house, not only to list it for sale. Even this construction will not save the judgment, however, since an agency "to sell" real property, although potentially authorizing a completed sale, authorizes the agent only to fix a price or accept an offer not lower than the price specified by the principal. Seavey, Law of Agency § 28, p. 50 (1964). The only "specified price" to which the appellant arguably assented was the "asking price" of $53,400.

Nor can authorization to accept the offer be implied in this case from the cotenancy relationship between the parties. It is true that a tenant in common may seek indemnification from a cotenant for expenses or liabilities incurred in connection with the common property. But in contractual dealings with "outsiders" not concerning essential maintenance of the property, this right flows only from established agency, not from cotenancy. See 4 Powell on Real Property ¶ 608 (Rohan, Ed. 1981). It is also true that, in the absence of evidence to

the contrary, the acts of each cotenant with respect to the common property are presumed to be authorized by the other or others. 20 Am.Jur.2d Cotenancy and Joint Ownership §§ 95, 117; 86 C.J.S. Tenancy in Common § 108. Here, however, the record contained an avowal of the appellee, made in an affidavit filed in support of his motion for summary judgment on Century 21's claim:

> "That at no time, was I authorized or entitled to sell the subject real property without the consent, approval and signature of Hong Van Gonzales."

Regardless of whether the court believed this statement or the contradictory testimony given by deposition, the presence of the statement in the record deprived the appellee of the benefit of the presumption stated above, and placed upon him the burden of proving that his acceptance had been authorized. His evidence did not satisfy that burden.

Reversed.

HOWARD, C.J., and HATHAWAY, J., concur.