NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

JANOLYN S. DEKKER, *Petitioner/Appellee,*

*v.*

JACK E. DEKKER, *Respondent/Appellant.*

No. 1 CA-CV 12-0786
FILED 05/22/2014

Appeal from the Superior Court in Maricopa County
No. FC2011-007630
The Honorable Sam J. Myers, Judge

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART,
AND REMANDED**

COUNSEL

Janolyn S. Dekker, Queen Creek
*Petitioner/Appellee in Propria Persona*

S. Alan Cook, P.C., Phoenix
By S. Alan Cook
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

---

**P O R T L E Y,** Judge:

¶1        Jack E. Dekker ("Father") brings this appeal from a decree of dissolution and the denial of his motion for new trial.  Because we find that the family court did not properly calculate the gross income of Janolyn S. Dekker ("Mother") in determining the award of child support, we reverse the calculation, vacate the award of attorneys' fees, and remand this case for further proceedings.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Mother filed her petition for dissolution after twenty-five years of marriage, and served Father on November 21, 2011.  As is relevant here, she requested spousal maintenance, child support for the parties' two minor children, and the division of community property and community debts.

¶3        Mother requested temporary child support and spousal maintenance, and a hearing was set.  The parties, however, entered into a stipulation in which Father agreed to pay Mother $2300 per month in "temporary family support" starting from January 1, 2012, and, to cover the January and February payments, he agreed to give her a judgment for $4600.  The family court approved the stipulation on February 6, 2012.

¶4        The case proceeded to trial.  After taking the matter under advisement, the family court subsequently entered a decree that dissolved the marriage and awarded joint legal custody of the children.  The decree also required Father to pay Mother $1100 per month in spousal maintenance for eight years beginning August 1, 2012, and $340 per month in child support effective from December 1, 2011.  The court also awarded Mother an equalization payment of $10,000, and $8000 in attorneys' fees.

**¶5**        Father moved for a new trial and to alter or amend the decree.  The family court denied the motion in a signed order.  Father then filed this appeal.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) and (5)(a).[1]

## DISCUSSION

**¶6**        Father argues that the family court abused its discretion in various trial rulings and in denying his motion for new trial on the issues of child support, income calculation, disclosure violations, debt allocation, and attorneys' fees.  Mother did not file an answering brief.  Although we could consider it a confession of reversible error, we will exercise our discretion and will consider the case on the merits because all of the evidence before the family court is in the record.  *See Gonzales v. Gonzales*, 134 Ariz. 437, 437, 657 P.2d 425, 425 (App. 1982).

**¶7**        When reviewing a ruling on a motion for new trial, we grant the family court broad discretion and we will not disturb the ruling absent a clear abuse of that discretion.  *Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10, 222 P.3d 909, 912 (App. 2009).  An abuse of discretion occurs "when the record viewed in the light most favorable to upholding the [family] court's decision, is devoid of competent evidence to support the decision."  *Little v. Little*, 193 Ariz. 518, 520, ¶ 5, 975 P.2d 108, 110 (1999) (citation omitted) (internal quotation marks omitted).  Moreover, we presume that the court "found every fact necessary to support the judgment" where neither party requested findings of fact or conclusions of law pursuant to Arizona Rule of Family Law Procedure ("Rule") 82(A).  *See Neal v. Neal*, 116 Ariz. 590, 592, 570 P.2d 758, 760 (1977) (citation omitted) (internal quotation marks omitted).

## I.    Child Support

**¶8**        Father argues that the family court abused its discretion in calculating child support.  We review an award of child support for an abuse of discretion, but review de novo the court's application of the Arizona Child Support Guidelines, A.R.S. § 25-320 app. (the "Guidelines").  *See In re Marriage of Robinson and Thiel*, 201 Ariz. 328, 331, ¶ 5, 35 P.3d 89, 92 (App. 2001).

---

[1] We cite the current version of the applicable statute unless revisions material to this decision have since occurred.

¶9          In calculating child support, the court must determine the gross income of both parents. *Mead v. Holzmann*, 198 Ariz. 219, 220 n.3, ¶ 5, 8 P.3d 407, 408 n.3 (App. 2000). Section 5(A) of the Guidelines provides that "gross income" includes income from "spousal maintenance." Although the family court ordered Father to pay $1100 in monthly spousal maintenance, which he does not challenge, the court did not add the amount to Mother's gross income. Father contends that the omission was erroneous. We agree.

¶10         On remand, the family court needs to recalculate Mother's gross monthly income by adding the $1100 spousal maintenance award to her gross income, and then calculate Father's child support obligation. The court will also need to consider the uncontested fact that Father is paying $245 per month to maintain medical insurance for the children as part of the child support calculation. Additionally, the court will then also need to recalculate the parties' proportionate shares of the total child support obligation under § 10 of the Guidelines, and then adjust to the parties' shares of unreimbursed medical expenses, Guidelines § 9(A).

¶11         Father also argues that the family court is required to give him credit toward his child support obligation from December 2011 until the entry of the decree because he paid $2300 per month in "temporary child support" prior to the entry of the decree. Although the parties stipulated to the temporary family support sum, the order submitted by Father did not allocate the sum between child support, spousal maintenance or living expenses. As a result, the family court only ordered the stipulated temporary family support sum, and did not allocate any part of it as temporary child support.

¶12         At trial, Mother testified and requested child support and Father agreed to pay appropriate child support. He did not testify that a portion of the stipulated sum was for child support nor ask that a portion of the sum be designated for child support. The court, as a result, ordered him to pay child support retroactive to December 1, 2011, the month after the service of the petition. Consequently, the court did not abuse its discretion by denying Father's argument in his post-trial motion that some portion of his pretrial payment should be credited towards the child support obligation. *See* A.R.S. § 25-503(A) (stating that the court may specify the date when child support begins).

## II. Calculation of Mother's Income

¶13 Father also argues that the family court erroneously calculated Mother's gross income by relying on her affidavit of financial information. He claims that Mother's trial testimony was inconsistent with the affidavit, and proved that her business income was nearly $3917 per month and her business had grossed more than $160,000 in 2011.

### A. Mother's Trial Testimony

¶14 Mother, who had been a homemaker, was a self-employed florist for the last two years of marriage. Because she was self-employed, her gross income is calculated as "gross receipts minus ordinary and necessary expenses." Guidelines § 5(C). Mother's Amended Affidavit of Financial Information lists her gross monthly income as $3143.

¶15 Mother testified that her floral business earned $160,279.49 in 2011, but she paid $92,528.88 for job materials, including flowers, vases, and supplies. She also paid more than $7800 in contract labor expenses, more than $1800 in vendor commissions, and $7342 for bank overdraft charges, classes, dues and subscriptions, equipment rental, janitorial services, and office supplies, resulting in annual income of about $47,000. After deducting business-related expenses for auto, computer/internet, and meals and entertainment, Mother's income came to $3200 per month. Her testimony as to her monthly income approximates the $3143 listed in her affidavit.

¶16 Additionally, she testified that her business was not faring as well in 2012 because of the economy. Given her testimony, the family court did not abuse its discretion by attributing Mother's gross income as $3143 per month.

### B. In-Kind Services

¶17 In his motion for new trial, Father argued that he learned after trial that Mother had a roommate starting July 1 and the court needed to recalculate Mother's gross income to account for the "trade outs" — the tenant's work around the house in lieu of rent. We review the court's ruling on a motion for new trial for an abuse of discretion, *Pullen*, 223 Ariz. at 296, ¶ 10, 222 P.3d at 912, but whether the court should have included additional amounts in Mother's gross income calculation is a question of law we review de novo. *See Patterson v. Patterson*, 226 Ariz. 356, 358, ¶ 4, 248 P.3d 204, 206 (App. 2011).

**¶18** Although Mother had a tenant who started living with her nine days before trial, the family court did not have to consider the value of the "trade outs" because any service for rent was not then continuing or recurring in nature. *See* Guidelines § 5(A). Because "[i]ncome from any sources which is not continuing or recurring in nature need not necessarily be deemed gross income for child support purposes," the court did not err by denying Father's post-trial argument. *See id.*

## III. Disclosure of Business Records

**¶19** Father also contends that Mother failed to adequately disclose the basis of her expenses pursuant to Rule 49(C), and a new determination is warranted. We review the ruling on disclosure issues for abuse of discretion. *Link v. Pima Cnty.*, 193 Ariz. 336, 338, ¶ 3, 972 P.2d 669, 671 (App. 1998).

**¶20** The record belies Father's argument. In addition to her Amended Affidavit of Financial Information, Mother voluntarily disclosed her bank account statements which she used for personal and business expenses. She also provided the profit and loss statements for her business for 2011 and 2012, which were attached to her affidavit. If Father wanted more information, he never sought it. He never served her with written discovery, filed a motion to compel production of Mother's business records, or took her deposition. Moreover, the record does not reflect any attempt he made to schedule a conference to resolve any discovery dispute as provided in the family court's pretrial order. Consequently, the court did not abuse its discretion by refusing to reopen the trial based upon Father's disclosure argument.

## IV. Debts

**¶21** Father further argues that the family court failed to give him credit for paying $27,000 in community debts owed to his mother and sister. He contends, as a result, that Mother is equally responsible for the debt and should not have received a $10,000 equitable offset.

**¶22** The family court enjoys broad discretion in equitably dividing community assets and liabilities. *Flower v. Flower*, 223 Ariz. 531, 535, ¶ 14, 225 P.3d 588, 592 (App. 2010). In dividing property, the court may consider all related debts and obligations. A.R.S. § 25-318(B). We will not disturb the court's allocation absent a clear abuse of discretion. *Inboden v. Inboden*, 223 Ariz. 542, 544, ¶ 7, 225 P.3d 599, 601 (App. 2010).

¶23      Father had been the owner of a drilling and blasting business; which, by the time of trial was defunct or bankrupt. In his revised pretrial statement filed on the day of trial, he disclosed that he sold a piece of business equipment for approximately $80,000. After stating that he and Mother owned fifty percent of the asset and his sister owned the remaining fifty percent, Father asserted that he had used their $40,000 from the sale to pay $27,000 in community debts: $17,000 owed to his sister and brother-in-law; and $10,000 owed to his parents.

¶24      Prior to the revised pretrial statement, neither party had listed any community debts they owed or that were outstanding from Father's relatives related to the business. Mother testified that the parties had agreed that Father would pay the $27,000 owed to family members and would also receive all money he could collect from his parents, which was approximately $240,000. Father denied the existence of the agreement, but did not dispute that his parents had received $210,000 from the parties. The conflicting testimony raised a credibility question that the court had to, and was in the best position to, resolve. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13, 972 P.2d 676, 680 (App. 1998). The court resolved the issue in Mother's favor and ordered Father to pay $20,000 to Mother for her twenty-five percent share of proceeds from the sale of equipment. Because there is evidence supporting the court's decision, we find no abuse of discretion.

## V.      Denial of Motion for New Trial

¶25      Finally, Father argues that the family court abused its discretion by denying his motion for new trial. Under Rule 83(A), a "judgment may be vacated and a new trial granted" for certain listed causes "materially affecting [a] party's rights." The causes include:

> 1. irregularity in the proceedings of the court or a party, or abuse of discretion, whereby the moving party was deprived of a fair trial;
>
> 2. misconduct of a party;
>
> 3. accident or surprise which could not have been prevented by ordinary prudence;
>
> 4. material evidence, newly discovered, which with reasonable diligence could not have been discovered and produced at the trial;

. . . .

> 6. that the ruling, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law.

*Id.*

**¶26**      Father contends that the family court should increase Mother's gross income by $1100, making corresponding adjustments to the parties' percentage shares of the total child support obligation, revisit its rulings on $27,000 in debt, and modify the decree to recognize that Father provides medical insurance for the children. Because we have resolved those issues, we need not discuss them further.

**¶27**      Father also contends that the court erred by: (1) excluding his mother, Henrietta Dekker, as a rebuttal witness on the community debt issue; and (2) disregarding his mother's affidavit that he filed after trial. Here, Father disclosed that he wanted to call his mother to testify the day before trial. Mother objected to the late disclosure and the fact that Father failed to specify the nature of his mother's testimony. Although counsel outlined the areas that he hoped she would testify about, Father did not make an offer of proof concerning his mother's testimony. The court sustained the objection, but allowed her to testify about Father's relationship with his children because that went to the issue of their best interests. We review the ruling for an abuse of discretion. *Link*, 193 Ariz. at 338, ¶ 3, 972 P.2d at 671.

**¶28**      Although Father argues the court erred, his argument is devoid of relevant legal authority to support his argument that his mother should not have been precluded as a rebuttal witness or that the court should have considered her post-trial affidavit. Father did not timely disclose his mother as a witness pursuant to Rule 49(H) on any issue, much less the issue of community debts. As a result, we will not address the argument. *See* ARCAP 13(a)(6) ("[E]ach contention raised on appeal . . . shall be identified, with citations to relevant authority."); *see also Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491 n.2, ¶ 6, 154 P.3d 391, 393 n.2 (App. 2007) (recognizing that an argument is waived on appeal if the opening brief lacks citations to supporting authority).

## VI. Attorneys' Fees

**¶29** Father also contends that the family court committed procedural and legal errors in awarding Mother $8000 in attorneys' fees pursuant to A.R.S. § 24-324(A). We review the award for abuse of discretion. *Hrudka v. Hrudka*, 186 Ariz. 84, 94-95, 919 P.2d 179, 189-90 (App. 1995).

**¶30** At trial, Mother testified that she had incurred more than $10,000 in attorneys' fees, due in part to Father's failure to cooperate in discovery, and submitted Exhibit 7, an itemization of the legal charges, which was admitted into evidence. She requested a fee award of $8000. Father objected based on his inability to cross-examine anyone about the reasonableness of the fees. In response, the court noted that if attorneys' fees are granted, a *China Doll* affidavit[2] would have to be submitted to "allow the other side to object."

**¶31** Although the family court subsequently determined an award of fees was appropriate under A.R.S. § 25-324, the court did not allow Father to challenge Exhibit 7 or the reasonableness of Mother's $8000 request. Consequently, we remand the issue of attorneys' fees to allow the court to consider any objection Father wants to make to Exhibit 7 and the reasonableness of the requested amount. After reviewing the exhibit and any objection, the court can affirm the award or modify it downward, as appropriate.

**¶32** Father also requests attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324. Based on the record, we exercise our discretion and deny Father's request for fees on appeal. Moreover, because he was not completely successful we decline to award him costs on appeal. *See Valento v. Valento*, 225 Ariz. 477, 484, ¶ 25, 240 P.3d 1239, 1246 (App. 2010).

### CONCLUSION

**¶33** Based on our analysis, we reverse the family court's calculation of Mother's gross income and remand for redetermination of her gross income and related issues as directed by this decision. We also remand to allow the court to consider any objection Father has to Exhibit 7, as well as the reasonableness of Wife's requested and awarded $8000 in

---

[2] *See Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 188, 673 P.2d 927, 932 (App. 1983).

attorneys' fees.  We otherwise affirm the family court's rulings in this matter.



Ruth A. Willingham · Clerk of the Court
FILED: gsh