NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MATTHEW WILLIAMS, *Plaintiff/Appellant*,

*v.*

IVAN GONZALEZ JIMINEZ, *Defendant/Appellee*.

No. 1 CA-CV 20-0698 FC
FILED 9-23-2021

Appeal from the Superior Court in Maricopa County
No.  FN2020-004673
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Matthew Williams, Protected Address
*Plaintiff/Appellant*

Ivan Gonzalez Jiminez, Glendale
*Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**F U R U Y A**, Judge:

¶1            Matthew Williams appeals from an order of protection dismissed by the superior court in favor of appellee, Ivan Jiminez.[1] For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2            On October 30, 2020, Williams petitioned the superior court for an order of protection on behalf of E.W., his minor child, against Jiminez—E.W.'s uncle. Williams alleged Jiminez had inappropriately touched E.W. a week earlier. Based on Williams' petition, the court found reasonable cause to believe Jiminez may commit or had committed an act of domestic violence within the past year and issued a protective order that same day, barring Jiminez from having any contact with Williams or E.W.

¶3            On November 9, 2020, Jiminez requested a hearing to dismiss the protective order. Citing a Glendale police report closing its investigation of the case around October 29, Jiminez alleged Williams made false accusations about Jiminez inappropriately touching E.W. The court scheduled a hearing for November 24, 2020.

¶4            After being sworn, both parties testified and cross-examined each other, Williams presented documentary evidence—including the Glendale police report—with Jiminez being afforded the same

---

[1]        Jiminez did not file an answering brief, and we could regard failure to do so as a confession of reversible error. *See Gonzales v. Gonzales*, 134 Ariz. 437, 437 (App. 1982). However, we are not required to do so, and in the exercise of our discretion, we address the substance of Williams' appeal. *See id.*

opportunity. *See* Ariz. R. Protective Ord. P. ("ARPOP") 38(f)(1)–(2).[2] At the conclusion of the hearing, the court stated it was most concerned with the "sufficiency of the evidence" to support maintaining the protective order, given the "higher standard of proof" at this stage. *See* ARPOP 38(f)(3).

**¶5**         At close of the hearing, the court highlighted Williams' failure to provide copies of additional reports he had alleged substantiated his accusations against Jiminez, explaining that its decision could only be based on "hard, firm evidence." The court also noted Williams' potential ulterior motive in seeking the protective order. Specifically, Williams was simultaneously seeking to modify an order in his dissolution case requiring equal parenting time of E.W. with his ex-wife. Maintenance of the protective order could effectively disrupt Williams' ex-wife's residence, which she apparently shared with Jiminez and E.W. *See* ARPOP 38(h). The court also intimated concern over the timing of Williams' request for the protective order, which was filed after Williams had learned that Glendale police would be closing its investigation as unfounded following a forensic interview of E.W. Accordingly, the court dismissed the protective order.

**¶6**         Williams timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes §§ 120.21(A)(1) and -2101(A)(5)(b), and ARPOP 42(a)(2), (b)(2). *See Moreno v. Beltran*, 250 Ariz. 379, 382, ¶ 11 (App. 2020).

## DISCUSSION

**¶7**         We review the decision of the court to dismiss a protective order following an evidentiary hearing for an abuse of discretion. *See Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 16 (App. 2012). "The court abuses its discretion when it makes an error of law in reaching a discretionary conclusion or when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014) (quotation omitted). We do not reweigh evidence on appeal, *see Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009) (citation omitted), and the party who initially sought the protective order has the burden to prove, by a preponderance of the evidence, that it should remain in effect. ARPOP 38(f)(3).

---

[2]         Absent material change, we cite to the current version of rules.

¶8         Williams raises several issues, all of which are tantamount to requesting we reweigh the evidence on appeal, something we will not do. *See Hurd*, 223 Ariz. at 52, ¶ 16; *In re Estate of Pouser*, 193 Ariz. 574, 579, ¶ 13 (1999) ("In reviewing a trial court's findings of fact, we do not reweigh conflicting evidence or redetermine the preponderance of the evidence but examine the record only to determine whether substantial evidence exists to support the trial court's action."). Competent evidence, as relevant here, exists to support the court's dismissal of the protective order, *see supra* ¶ 5. Therefore, Williams has shown no abuse of discretion.

## CONCLUSION

¶9         For the foregoing reasons, we affirm the superior court's dismissal of the protective order.



AMY M. WOOD • Clerk of the Court
FILED:    AA