NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KRISTYN ANNE ALCOTT, *Petitioner/Appellant*,

*v.*

KYLE JEFFRY KILLEBREW, *Respondent/Appellee*.

No. 1 CA-CV 20-0538 FC
FILED 10-19-2021

Appeal from the Superior Court in Maricopa County
No. FC2015-091121
The Honorable Suzanne S. Marwil, Judge

**AFFIRMED**

COUNSEL

Strong Law, Scottsdale
By Marc R. Grant, Jr.
*Counsel for Petitioner/Appellant*

Kyle Jeffry Killebrew, Peoria
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Samuel A. Thumma joined.

---

**P O R T L E Y**, Judge:

**¶1**         Kristyn Anne Alcott ("Mother") appeals the family court's ruling on competing petitions to modify a decree entered in 2015. Mother argues the family court (1) erred in ordering Mother and Kyle Jeffry Killebrew ("Father") to choose a school for their children using distance as the only factor; (2) failed to consider all relevant school placement factors as discussed in *Jordan v. Rea*, 221 Ariz. 581, 590, ¶¶ 23-24 (App. 2009); and (3) effectively usurped her authority to make a final decision on a choice of school for the parties' children. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Mother and Father were married in 2009 and have two minor children, born in December 2010 and February 2012. In 2015, Mother filed a petition to dissolve their marriage. Later that year, the parties submitted a consent decree, which the court entered.

**¶3**         In the decree, the court awarded the parties joint legal decision-making with Mother having final decision-making authority. Mother received primary physical custody with Father receiving regular parenting time. The decree also specified the following regarding the children's education:

> *Once both children are of appropriate school age, [the] parties will mutually agree upon an elementary school of equal distance between parental homes.* This agreement shall be in writing and filed with the court at that time.

(Capitalization omitted; italics added.)

---

[1]     The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

¶4 After the parties stipulated to adopt a week on/week off parenting time schedule in August 2016, the court adopted and entered the agreement as an order. A year later Mother filed a petition to modify child parenting time after Father moved to Flagstaff, Arizona. The family court granted the petition and ordered: (1) Father could exercise parenting time every weekend except for the first weekend of each month as long as Father lived more than twenty-five miles away from Mother; (2) the parties would resume the week on/week off schedule should Father relocate within twenty-five miles of Mother; and (3) the parties would continue to have joint legal decision-making authority, and if they could not agree after making a good-faith effort to reach an agreement, Mother would have "presumptive decision-making authority." Importantly, the court also otherwise affirmed "all Orders currently in place, except as expressly modified herein."

¶5 Father subsequently moved back to the Phoenix area, near Mother's residence, and the parties resumed their week on/week off parenting schedule. The resumption of this schedule was not without controversy, however, involving significant motion practice and a prior appeal not detailed here.

¶6 In May 2019, Father filed a "Petition to Modify Legal Decision-Making, Parenting Time and Child Support," requesting he be awarded sole legal decision-making, especially regarding the children's medical and education decisions, and seeking equal parenting time. Mother then filed a petition seeking an order that Father pay certain medical bills, and in July 2019, Mother filed a petition to modify parenting time and child support.

¶7 In August 2019, Father also filed an "Expedited Petition for Temporary Orders Re: Legal Decision-Making," in which he stated he had just become aware that Mother had again moved and placed the children in another school, which was at least twenty-two miles away from the children's previous school and farther from Father's residence, and requested that the family court "temporarily order that he be awarded sole legal decision-making such that he [might] move the minor children to the school where they attended the previous year." In his response to Mother's pending petition to modify parenting time, Father also contended in part that Mother had moved the children from an A-rated school to a B-rated school that had fewer services for the children.

¶8 The court set a temporary orders hearing for September 2019. In her separate pretrial statement, Mother argued she had presumptive

decision-making authority under the January 2018 order and could unilaterally change the children's school unless Father could demonstrate that it was contrary to the children's best interests. She also argued that "changing schools again at this point will only cause upset and disrupt the children." In Father's separate pretrial statement, he argued the children's new school lacked "before and after care," which created a logistical hardship for him because it resided at least twenty-four miles away.

¶9        In its temporary ruling, the family court

> directed [Father] to research any other schools available to the children and that are more centrally located between the parties. Once appropriate schools are located, Father shall provide a list of the schools to Mother. If the parties are unable to reach an agreement, counsel are directed to submit a blind list of schools to the Court on or before October 3, 2019.

(Emphasis omitted.) The court also deleted the 25-mile radius contingency contained in its January 2018 order.

¶10        The parties were unable to agree on a suitable equidistant school that was still accepting students. The court then issued a temporary order that the children remain at their new school and making Mother responsible for picking up and dropping off the children.

¶11        The trial on the parties' pending petitions was set for August 2020. In her separate pretrial statement, Mother argued that the school choice issue was no longer in dispute. In his pretrial statement, Father argued he should have final decision-making authority, in part because "Mother repeatedly abuses the authority to have final say [which] allows her to change schools [each time] she moves."

¶12        After trial, the court made detailed best interest findings. Specifically, the court addressed the school choice issue, noting that Father found it hard to work while the children were enrolled in a school that did not have a before or after care program:

> The Court ordered that the children could remain enrolled in [the new school] because no school equidistant between the parties had space for them in October 2019. That may not be true at this time. Further, the lack of a before and after school program has led to more interaction between the parties and more conflict. Accordingly, by no later than September 8, 2020, both parties shall make and exchange lists of no less

than three schools equidistant between the parties that are receiving open enrollment students; the parties will then meet and confer by September 15, 2020 and cho[o]se a school giving preference to any school that appears on both lists. If they cannot select a school, they should submit a combined list to the Court by no later than September 22, 2020 that includes the distance between [each] school and each parties' [sic] residence and the Court will choose one. Neither party shall unilaterally remove the children from the selected school.

(Emphasis omitted.) The court also "award[ed] Father and Mother joint legal decision-making authority regarding the Children with Mother having final say in the event of impasse after good faith meditation."

¶13 We have jurisdiction over Mother's appeal pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## ANALYSIS

### I. Standard of Review

¶14 We review the family court's custody and parenting time orders for an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). We review de novo the interpretation of statutes and decrees of dissolution. *Palmer v. Palmer*, 217 Ariz. 67, 69, ¶ 7 (App. 2007); *see also Baker v. Meyer*, 237 Ariz. 112, 115, ¶ 7 (App. 2015) ("We review a parenting agreement de novo because it is incorporated into the dissolution decree and because it is 'akin to a type of contractual agreement between the parties.'" (quoting *Jordan*, 221 Ariz. at 588, ¶ 15)).

### II. Father's Brief

¶15 After Mother's motion, this court struck Father's answering brief for failure to comply with the Arizona Rules of Civil Appellate Procedure. Father was granted the opportunity to file a compliant brief but did not do so. Although this court has discretion to consider Father's failure to file an appropriate answering brief as conceding error, *see* ARCAP 15(a)(2); *Gonzales v. Gonzales*, 134 Ariz. 437, 437 (App. 1982), we decline to do so, given that the best interests of the children are at issue, *see Hoffman v. Hoffman*, 4 Ariz. App. 83, 84-85 (1966).

### III. *Mother's Objections to the Family Court's Orders*

**¶16** Mother argues the question of school choice was never really at issue in the August 2020 hearing. The record, however, clearly provides that Father filed his petition to modify in May 2019 in response to Mother's series of moves that caused the children to change schools—a circumstance with which Father did not agree—and disrupted his parenting time. Further, Mother's response to Father's petition makes clear that school choice was at issue. In fact, their disagreement about a choice of schools was the basis for the temporary orders hearing, and their separate pretrial statements and the August 2020 hearing transcript clearly indicates that the issue of school choice remained an open question and continued to be an underlying basis for Father's petition.

**¶17** Mother next argues that the family court (1) erred in ordering her and Father to choose a school using distance as the only factor; (2) failed to consider all relevant school placement factors as discussed in *Jordan*; and (3) effectively usurped her authority to make a final decision on a choice of school for the children.

**¶18** Mother does not acknowledge that within the consent decree she and Father carved out a specific exception to final decision-making authority with respect to the children's education. The parties agreed, and the court ordered, that "[o]nce both children are of appropriate school age, [the] parties will mutually agree upon an elementary school of equal distance between parental homes." And in its January 2018 orders, after Mother's first contested petition to modify parenting time, the family court confirmed that the parties continued to be subject to this bargained-for exception when the court affirmed "all Orders currently in place, except as expressly modified herein."

**¶19** As the family court correctly recognized, based on the plain language of the decree, the controlling criterion for school choice is which available school lies "of equal distance between parental homes." The available school that most closely qualifies under this criterion becomes the default choice. If two or more available schools appear to equally qualify under this criterion, the parties must follow the express language of the decree and mutually agree upon which school to choose, using a "best interests of the children" standard. *See Jordan*, 221 Ariz. at 584, ¶ 2. Although the family court's January 2018 orders gave Mother "presumptive decision-making authority" if the parties could not "agree after making a good faith effort to reach an agreement," it did not provide Mother with unfettered sole decision-making authority, *see generally Nicaise*

*v. Sundaram*, 245 Ariz. 566, 568-69, ¶ 14 (2019) (distinguishing between joint legal decision-making with final decision-making authority and sole legal decision-making authority), nor did it preclude court intervention, as Mother suggests.

**¶20** Nothing prevents the parties from mutually negotiating an agreement that accounts for other school-choice factors consistent with what they believe to be in the children's best interests; again, however, the default choice is the available school most closely "of equal distance between parental homes." When the parties are unable to agree, or if either party refuses to abide by the parties' bargained-for agreement, the other party may seek enforcement through the court. *See* A.R.S. § 25-403.02(D) (authorizing court intervention "[i]f the parents are unable to agree"); *Paul E. v. Courtney F.*, 246 Ariz. 388, 395, ¶ 27 (2019) ("[I]f the court awards joint legal decision-making authority, the court is authorized to resolve any conflict."). The family court's authority and discretion, which was not abused in this case, lies in enforcing the parties' bargained-for criterion—the available school that is most closely of equal distance between the parties' homes—and in resolving any further ambiguity using a best interests standard.[2]

### IV. Attorneys' Fees on Appeal

**¶21** Mother requests an award of her costs and attorneys' fees under A.R.S. § 25-324. Mother is not the prevailing party and has not shown a disparity in the parties' financial resources or that Father was unreasonable in the positions he took on appeal before his brief was struck for failure to comply with the Arizona Rules of Civil Appellate Procedure. Accordingly, we deny Mother's request for costs and attorneys' fees. Father did not ask for costs in any brief we can consider.

---

[2] We disagree with Mother's contention that, on this record, the family court has not been provided with sufficient information to make a best interests determination. If the family court believes it is necessary, however, it certainly may hold an additional hearing regarding the best interests of the children.

## CONCLUSION

**¶22** The family court's August 2020 under advisement ruling is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA