NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CHRISTIANA MOORE, *Petitioner/Appellee*,

*v.*

JOSHUA MOORE, *Respondent/Appellant*.

No. 1 CA-CV 20-0638 FC
FILED 11-18-2021

Appeal from the Superior Court in Maricopa County
No. FC2016-091590
The Honorable Joshua D. Rogers, Judge

**AFFIRMED**

APPEARANCES

Suzette Lorrey-Wiggs PC, Tempe
By Suzette Lorrey-Wiggs
*Counsel for Petitioner/Appellee*

Joshua Moore, Laveen
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**F U R U Y A**, Judge:

¶1　　　　　Joshua Moore ("Father") appeals from the superior court's order granting a motion to enforce Arizona Revised Statutes ("A.R.S.") § 25-513 and requiring that he and his employer, Zia Trust, Inc., appear at an evidentiary hearing, as well as denial of his request for an injunction against harassment.[1] For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2　　　　　In 2016, Father and Christiana Moore ("Mother") were divorced by decree. Concurrently, legal decision-making and child support orders were entered as to their minor child. In 2019, Father filed a petition to modify child support after losing his job. The superior court found that while Father was earning significantly less, he was underemployed. Nonetheless, the court adjusted Father's annual salary downward by more than 35 percent for purposes of calculating his child support obligation.

¶3　　　　　Unbeknownst to the court and Mother, shortly after the hearing on the petition to modify child support—and before the court's order regarding the petition—Father secured employment at Zia Trust, Inc., significantly increasing his earnings thereafter. Upon learning of Father's employment, Mother sought financial information from Zia Trust, Inc. pursuant to A.R.S. § 25-213. Despite multiple forms of contact, Zia Trust, Inc. did not provide the requested information. Father filed for an injunction against harassment to prevent Mother from contacting Zia Trust, Inc., and, in turn, Mother filed a request to enforce A.R.S. § 25-513.

---

[1]　　　Appellee, Christiana Moore, did not file an answering brief, and we could regard failure to do so as a confession of reversible error. *See Gonzales v. Gonzales*, 134 Ariz. 437, 437 (App. 1982). We are not required to do so, however, and in the exercise of our discretion, we address the substance of Father's appeal. *See id.*

**¶4**      The court denied Father's injunction motion, granted Mother's request, and ordered that Zia Trust, Inc. and Father appear at an evidentiary hearing to discuss noncompliance with A.R.S. § 25-513.  Father appealed the court's order, but the superior court's order did not state that "no further matters remain pending," so this court stayed the appeal. *See* Ariz. R. Fam. Law P. 78(c). Following the superior court's order, Zia Trust, Inc. contacted Mother, paid her attorney's fees, and provided the requested employment information. The court subsequently vacated the evidentiary hearing. After what the court described as "almost continuous litigation and filings," the court issued final orders upon which Father brought the appeal now before us. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(2).

## DISCUSSION

**¶5**      Father argues the superior court erred in granting Mother's request to enforce A.R.S. § 25-513, denying his motion for an injunction against harassment, and violating his and Zia Trust, Inc.'s equal protection and due process rights.[2]

**¶6**      We review the court's discretionary ruling to grant Mother's request to enforce for an abuse of discretion. *See Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9 (App. 2012) ("A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion, it reaches a conclusion without considering the evidence, it commits some other substantial error of law, or 'the record fails to provide substantial evidence to support the trial court's finding.'") (quoting *Flying Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007)). We review orders granting or denying injunctions against harassment for a clear abuse of discretion. *LaFaro v. Cahill*, 203 Ariz. 482, 485, ¶ 10 (App. 2002). We review federal and state constitutional claims concerning equal protection and due process clauses de novo. *Vong v. Aune*, 235 Ariz. 116, 119, ¶ 16 (App. 2014); *see also Fisher v.*

---

[2]      Father also argues the court "refused to close the title IV status."  Due to the paucity of his briefing as to this matter, we must assume Father refers to Title IV-D of the Social Security Act, which requires the involvement in his case of the Division of Child Support Services, a division of the Arizona Department of Economic Security charged with assisting parents in realizing collection of delinquent child support payments. However, because Father failed to develop this argument before the court, does not provide sufficient citations to the record, nor offers supporting legal authority on appeal, we deem it waived. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009).

*Edgerton*, 236 Ariz. 71, 77, ¶ 17 n.7 (App. 2014) ("We consider . . . state and federal constitutional challenges together because the respective due process and equal protection clauses protect the same interests.").

## I. Father's Arguments Against the Evidentiary Hearing are Moot

**¶7** Father argues the court erroneously granted Mother's request to enforce A.R.S. § 25-513 and erred in ordering an evidentiary hearing because there was not a pending child support proceeding at the time. Section 25-513 provides, in relevant part:

> On written request delivered to an employer, . . . by either party to a proceeding for support or maintenance, the employer, payor or self-employed person to whom the request is directed within twenty days of delivery shall notify the requesting party of the following information . . . .

**¶8** In response to Father's many objections, the court clarified that while A.R.S. § 25-513 itself directly applies to parties in a child support proceeding, A.R.S. § 25-330 extends the right to request information to those who have received an order for support in their favor: "Either party to an order for support or maintenance . . . may request information from an employer, payor or self-employed person pursuant to § 25-513."

**¶9** Moreover, the result of the court's decision was to order Father and his employer to appear at an evidentiary hearing concerning Mother's request for information. But because that evidentiary hearing was ultimately vacated, Father's arguments are moot. *See Contempo-Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 229–230 (App. 1985).

## II. Father Lacks Standing to Argue on Zia Trust, Inc.'s Behalf

**¶10** Father further argues the court erred in denying his motion for an injunction against harassment. Father contends he sought relief from harassing communications that both he and his employer had received from Mother and her counsel. However, the record reflects otherwise—Father's injunction motion was limited to communications with his employer. Father's motion claimed Mother and her attorney had "repeatedly contacted and threatened one of [his] employers, Zia Trust, Inc." and requested an injunction be put in place to restrict Mother "from further contact and harassment of [his] employer Zia Trust, Inc."

**¶11** While the Arizona Constitution does not require that we decline jurisdiction based on a lack of standing, for reasons of sound judicial

policy we nonetheless impose a rigorous standing requirement. *Ariz. Ass'n of Providers for Persons with Disabilities v. State*, 223 Ariz. 6, 13, ¶ 16 (App. 2009) (citations omitted). We may examine whether a party has standing sua sponte to assure we do not issue mere advisory opinions. *Planned Parenthood Ariz., Inc. v. Am. Ass'n of Pro-Life Obstetricians & Gynecologists*, 227 Ariz. 262, 272, ¶ 23 n.11 (App. 2011) (citations omitted).

**¶12**        Father does not claim to be an owner or authorized representative of his employer, and Zia Trust, Inc. is not a party to this appeal. Father's injunction motion offered no facts or circumstances from which we could review allegedly harassing communications made to Father. While Father points to evidence he believes would justify an injunction, "arguments raised for the first time on appeal are untimely and deemed waived." *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18 (App. 2007). To the extent Father argues on Zia Trust, Inc.'s behalf, he lacks standing, *see Ariz. Ass'n of Providers for Persons with Disabilities*, 223 Ariz. at 13, ¶ 17 (explaining that standing requires the threat of a particularized injury to the party seeking injunctive relief), and his contentions are dismissed.

**¶13**        Similarly, Father lacks standing to advocate for enforcement of Zia Trust, Inc.'s equal protection and due process rights. *See, e.g., Lerma v. Keck*, 186 Ariz. 228, 231–32 (App. 1996) (explaining that a plaintiff that is to suffer threatened or actual injury has standing to make an equal protection argument). To the extent Father argues his personal due process rights were violated by the court's ordering him to attend the evidentiary hearing, such argument is moot because the hearing was vacated, and Father has not demonstrated that his case would fall under a mootness exception. *See Flores v. Cooper Tire & Rubber Co.*, 218 Ariz. 52, 59–60, ¶ 38 (App. 2008) (explaining this court will at times consider a moot due process challenge under the exception that the issue raised is of public importance).

## CONCLUSION

**¶14**        For the foregoing reasons, we affirm.

