NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JESSICA NICOLE BURKETT, *Petitioner/Appellee,*

*v.*

JUSTIN A. HENRY, *Respondent/Appellant.*

No. 1 CA-CV 21-0136 FC

FILED 11-23-2021

Appeal from the Superior Court in Maricopa County
No. FC2020-070855
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Jessica Nicole Burkett, Tolleson
*Petitioner/Appellee*

S. Alan Cook PC, Phoenix
By S. Alan Cook, Sharon Ottenberg
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

**F U R U Y A**, Judge:

¶1        Justin Henry ("Father") appeals portions of the decree dissolving his marriage to Jessica Burkett ("Mother")[1] regarding community expenses and child support calculations. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        The parties were married in 2010 and share two minor children. In February 2020, Mother filed a petition to dissolve the parties' marriage. At a July 2020 management conference, a trial was set to resolve outstanding issues. The superior court ordered the parties to file a joint pretrial statement and, if child support was at issue, for each party to include a financial affidavit and a parent's worksheet to aid in determining child support.

¶3        Father provided a financial affidavit, and the parties completed child support worksheets. Father also included with the joint pretrial statement a list of community expenses he claimed to have paid from his sole and separate funds after Mother filed the dissolution petition. Mother initially agreed in the pretrial statement that pursuant to *Bobrow v. Bobrow*, 241 Ariz. 592, 595, ¶ 10 (App. 2017), Father should be reimbursed for his payment of the various community expenses from a portion of Mother's equity in the parties' home.

¶4        At trial, Father submitted as evidence bank statements, account statements, and a promissory note to support his claims for reimbursement of community expenses. Mother testified that she did not

---

[1]        Mother did not file an answering brief, and we could regard her failure to do so as a confession of reversible error. *See Gonzales v. Gonzales*, 134 Ariz. 437, 437 (App. 1982). We are not required to do so, however, and in the exercise of our discretion, we address the substance of Father's appeal. *See id.*

agree to pay for the community expenses and that she contested the amount spent. Father testified that he did not intend for his payments of the community expenses to be gifts. Relevant to child support, Mother testified that she hired a babysitter to watch the children when she worked night shifts, whom she paid $75 per child every two weeks. The court took the matter under advisement and entered the decree of dissolution in November 2020.

¶5 Father unsuccessfully moved to alter or amend the judgment under Arizona Rule of Family Law Procedure ("ARFLP") 83, contending that the court erred by failing to include *Bobrow* reimbursements in the decree and including childcare expenses in the child support calculations. Father timely appealed the denial of his motion and the underlying dissolution decree. We have jurisdiction pursuant Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1) and -2101(A)(1)–(2).

## DISCUSSION

¶6 Father argues the superior court erred by failing to order reimbursements for community expenses he paid following Mother's filing of the dissolution petition, including car payments, internet, phone, and mortgage payments. Father further objects to the inclusion of $325 per month for child care expenses within his child support obligation.

¶7 The court has broad discretion to allocate individual assets and liabilities in determining the equitable division of property. *In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 14 (App. 2010). Accordingly, we will not disturb the court's division of property absent a clear abuse of discretion. *Id.* Similarly, we review child support awards for an abuse of discretion and accept the court's "factual findings unless clearly erroneous." *Sherman v. Sherman*, 241 Ariz. 110, 112–13, ¶ 9 (App. 2016). The court abuses its discretion when the record "is devoid of competent evidence to support [its] decision." *Jenkins v. Jenkins*, 215 Ariz. 35, 37, ¶ 8 (App. 2007) (internal quotation marks omitted).

¶8 Father argues that under *Bobrow* he is entitled to reimbursement for payments made toward community debts following Mother's filing of the dissolution petition. However, *Bobrow* is inapposite to the facts before us. In *Bobrow*, the superior court ruled that payments made by a party to preserve community assets were subject to the marital presumption that such payments are gifts to the community. 241 Ariz. at 594, ¶ 5. However, this court reversed, holding that when payments are made by a party to preserve community assets after a petition for

dissolution has been served, and in the absence of an agreement to the contrary, such payments are not presumptively gifts and must be accounted for in an equitable property distribution when not otherwise established to be a gift by clear and convincing evidence. *Id.* at 596–97, ¶¶ 15, 19–20.

**¶9**      Here, Father argues the superior court abused its discretion by not determining that payments on certain community debts were not gifts, and therefore, were subject to reimbursement pursuant to *Bobrow*. However, the court did not ever reach that gift analysis. Rather, the court determined Father failed to satisfy the threshold burden of presenting credible evidence that he had paid community expenses. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998). Specifically, the court found, "Although Father claims to have paid all costs associated with the residence since February 2020, he has provided no credible proof." The record in this case reflects conflicting—and, at times, contradictory—evidence for payment of community debts. We do not reweigh the evidence but defer to the court's determinations of credibility and the weight given to conflicting evidence. *Id.*; *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019). Having failed to sufficiently establish that he, as the party in question, had made qualifying payments to preserve the community, the court did not err in declining to incorporate those payments within its equitable division of the community's property.

**¶10**      Father further seeks reimbursement for a debt he incurred from his father ("Grandfather") to pay off a vehicle ultimately allocated to Mother. However, after Father admitted the promissory note associated with this debt during trial, the court explained, "That doesn't mean I give it the weight that [Father] believes it is entitled to or [Mother] believe[s] it's entitled to. It's something I get to weigh." While the court did not make specific findings related to reimbursement under the promissory note, we may infer that the court made findings necessary to sustain its judgment where reasonable evidence supports such findings and does not conflict with express findings. *See Boyle v. Boyle*, 231 Ariz. 63, 67, ¶ 15 (App. 2012).

**¶11**      Reasonable evidence supports the court's denial of reimbursement predicated upon the promissory note. The promissory note was drafted and signed only two weeks before trial, well after the petition for dissolution was served. Grandfather testified Mother had never promised him money and had never asked for a loan. Grandfather also testified he had never asked Mother to sign a promissory note, and he had never entered into a financial agreement between himself, Mother, and

Father. Thus, reasonable evidence in this record supports the court's decision.

¶12      Finally, Father argues the evidence does not support the court's inclusion of child care expenses in the child support award. He contends that although she gave sworn testimony during trial regarding the same, Mother was additionally required to disclose receipts or other documentation to establish her child care expenses under ARFLP 49. Under ARFLP 49(e)(2)(E), a party must disclose "proof of any child care expenses paid by the party." By its terms, this rule does not make documentary evidence necessary to establish child care expenses. Rather, it simply requires disclosure of any proof that will be offered if such expenses are paid by a party. Here, Mother testified she paid for a babysitter, $75 per child every two weeks, so that she could work night shifts. Inasmuch as this testimony constitutes evidence intended to prove her child care expenses, the record contains reasonable evidence to support the court's inclusion of $325 per month for child care expenses in its child support calculations, despite Father's assertions to the contrary. While Father contests the veracity of Mother's testimony, we do not reweigh conflicting evidence on appeal. *Lehn*, 246 Ariz. at 284, ¶ 20. Moreover, Father failed to seek appropriate remedy pursuant to ARFLP 65. *See* ARFLP 49(b)(3) (permitting a party prejudiced by a failure to disclose to seek remedies identified in ARFLP 65). Therefore, Father has not shown the court's inclusion of child care expenses in the child support award was an abuse of discretion.

## CONCLUSION

¶13      For the foregoing reasons, we affirm the dissolution decree and the associated child support award.



AMY M. WOOD • Clerk of the Court
FILED:     AA