NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

CHRISTOPHER SMITH, *Petitioner/Appellant*,

*v.*

NOEMI ALVRADO SMITH, *Respondent/Appellee*.

No. 1 CA-CV 21-0308 FC

FILED 12-9-2021

Appeal from the Superior Court in Maricopa County
No. FC2020-006035
The Honorable Max Covil, Judge

**AFFIRMED**

COUNSEL

Christopher Smith, Phoenix
*Petitioner/Appellant*

Noemi Alvrado Smith, Phoenix
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

**B A I L E Y**, Judge:

¶1          Christopher Smith ("Father") appeals the family court's decree of dissolution. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Father provides no statement of the case or fact section to assist us; accordingly, we rely on our review of the record for our recitation of the facts. *See State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 257 n.1 (App. 1998). We view the evidence in the light most favorable to sustaining the court's rulings. *In re Marriage of Yuro*, 192 Ariz. 568, 570, ¶ 3 (App. 1998).

¶3          Father and Noemi Alvarado Smith n/k/a Noemi Guadalupe Alvarado ("Mother") married in 2009 and have four minor children. The parties separated when Mother moved in August 2020, leaving the children with Father. In October 2020, Father filed a petition to dissolve the marriage.

¶4          In March 2021, the court held a one-day trial on Father's petition, took the matter under advisement, and issued a decree of dissolution in April 2021. The court ordered that the parties have equal parenting time and joint legal decision-making, with Father having final decision-making authority. The court also ordered that Mother pay $8.00 in monthly child support to Father and did not award spousal maintenance to either party. The court equally distributed the parties' community property and debts.

¶5          We have jurisdiction over Father's timely appeal of the decree under Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

I.      Appellate Briefing

**¶6**        Although this court has discretion to consider Mother's failure to file an answering brief as conceding error, *see* ARCAP 15(a)(2); *Gonzales v. Gonzales*, 134 Ariz. 437, 437 (App. 1982), we decline to do so, given that the best interests of the children are involved, *see In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2 (App. 2002); *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966).

**¶7**        Moreover, Father's opening brief does not comply with Arizona Rule of Civil Appellate Procedure 13 in almost any respect.  *See* ARCAP 13(a).  Although we could summarily reject Father's appeal on that basis, *see Clemens v. Clark*, 101 Ariz. 413, 414 (1966); *Lederman v. Phelps Dodge Corp.*, 19 Ariz. App. 107, 108 (1973), we decline to do so and instead address the merits of the arguments we can identify presented in Father's appeal.

>        II.        The Merits

**¶8**        Father argues he presented evidence that Mother (1) has acted abusively toward him, (2) lacks a stable living environment, and (3) neglects the children.  He concludes the family court failed to fully consider or properly weigh the evidence he introduced or sought to introduce at trial. He therefore disagrees with the court's order of joint legal decision-making and the resulting amount of child support.  He also argues the court abused its discretion in ordering that the parties download and use the "Our Family Wizard" application, which is a digital tool that facilitates co-parenting and related communications.

**¶9**        Father has not included a transcript of the dissolution trial or any exhibits he may have sought to introduce at trial.  When an appellant fails to include a transcript of the proceedings, we assume the missing portions of the record support the court's findings and ruling.  *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); *accord Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8 n.1 (App. 2005).  Applying that rule here, Father has shown no error.

**¶10**        To the extent Father asks that we reweigh the evidence, we may not do so on appeal, *see Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009), and realistically cannot do so without a transcript, *see Romero v. Sw. Ambulance & Rural/Metro Corp.*, 211 Ariz. 200, 203, ¶ 4 (App. 2005) (holding that unsupported arguments without the relevant transcripts are insufficient for this court to meaningfully review a trial court's rulings or overcome the presumption that those rulings are supported by the record). Under the record as presented, he has shown no error in the decree.

**¶11**        Father also argues Mother is "not following court orders" and other obligations since the divorce and suggests that he is at odds with

Mother's current boyfriend. Father has not filed a petition to enforce or modify the family court's previous orders, however, much less appealed from the denial of such a petition. Accordingly, we lack jurisdiction to consider those arguments. *See Lee v. Lee*, 133 Ariz. 118, 124 (App. 1982).

¶12 Because Father is not the prevailing party and Mother has not filed an answering brief, we award no taxable costs.

## CONCLUSION

¶13 We affirm the family court's decree of dissolution.



AMY M. WOOD • Clerk of the Court
FILED: AA